# IN THE COURT OF APPEALS OF IOWA

No. 21-0991
Filed April 27, 2022

**IN THE INTEREST OF S.S.,**
**Minor Child,**

**L.C.,-T., Mother,**
    Petitioner-Appellee,

**B.S., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Shelby County, Charles D. Fagan, District Associate Judge.

A father appeals from the private termination of his parental rights. **AFFIRMED.**

William T. Early, Harlan, for appellant.

Stephen C. Ebke of Stephen Ebke Law Office, Council Bluffs, for appellee.

David McCann, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., Badding, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

A father appeals the termination of his parental rights to his child, S.S., in this private termination action. He claims the mother failed to establish grounds for termination and that termination is not in S.S.'s best interest. We affirm.

"We review private termination proceedings de novo." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). "We give deference to the factual findings of the juvenile court, especially those relating to witness credibility, but we are not bound by those determinations." *Id.*

We first consider whether the mother established a statutory ground for termination. *See In re T.S.*, No. 15-0443, 2015 WL 5311413, at *1 (Iowa Ct. App. Sept. 10, 2015) ("In a private termination proceeding, the petitioner[ ] must establish by clear and convincing evidence the statutory ground . . . authorizing the termination of parental rights."). Here, the mother claimed the father abandoned S.S. and failed to pay child support without good cause. *See* Iowa Code § 600A.8(3)(b), (4) (2021).

We begin with her abandonment claim. Under section 600A.8(3)(b), a parent is "deemed to have abandoned" a child

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of

parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The mother asserts the father failed to maintain substantial and continuous or repeated contact with the child.[1]  Here, the father admits he has not visited S.S. or had any regular communication with S.S. since he and the mother had a disagreement in February 2017 about whether the father could introduce his new girlfriend to S.S.  He contends he had no further communication because the mother cut him off from S.S. after their disagreement.  He testified that he contacted the mother about visitation but was rebuffed.  Conversely, the mother testified that after their disagreement the father got mad, left, and never contacted her about S.S. again.  Faced with competing testimony, the juvenile court implicitly found the mother more credible.[2]  *See Bol v. State*, No. 19-0225, 2020 WL 3571807, at *2 (Iowa Ct. App. July 1, 2020); *Bear v. Bear*, No. 02-0518, 2003 WL 28913, at *1 (Iowa Ct. App. Feb. 12, 2003).  And following our own review of the evidence, giving deference to the juvenile court's credibility determination, we agree that the father's lack of contact and communication with S.S. was of his own doing and not the result of interference from the mother.  On our de novo review we conclude the mother proved abandonment by clear and convincing evidence.

---

[1] It is undisputed the child did not reside with the father for a period of six months within the one year period immediately preceding the termination of parental rights hearing.  So subsection (3) does not apply.

[2] Specifically, the juvenile court found, "When [the mother] refused to allow [the father]'s girlfriend at the time to be introduced to [S.S.] he just stopped all visits. . . . Even though he claims he was being shut out, he did not seek any action to enforce his rights."  From these factual findings we infer the juvenile court found the mother more credible.

So we conclude the mother established grounds for termination under section 600A.8(3)(b).

Next, we address the mother's claim termination is also authorized because the father failed to pay child support without good cause. Section 600A.8(4) permits termination when "[a] parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause." Here, the father agreed he is "very much so" behind in his child-support obligation. But he claims he stopped paying child support because he simply could not afford it. Yet on cross-examination he admitted to texting the mother that he stopped paying support because he no longer saw S.S. And he testified he was making $3000 per week for a time and then lived off of his savings for a year. The father chose to leave a good paying job to work jobs without reported wages and failed to pay any child support for over two years. So the father had means to pay support but chose not to. From this we conclude the mother proved by clear and convincing evidence the father has failed to contribute to the support of S.S. and failed to do so without good cause. Therefore, this ground for termination is also satisfied.

Finally, we consider whether termination is in S.S.'s best interest. *See In re W.W.*, 826 N.W.2d 706, 711 (Iowa Ct. App. 2012) (discussing best-interests requirement in section 600A.1). The child's best interest is the "paramount consideration" when determining whether to terminate a parent's rights. Iowa Code § 600.1(1). Section 600A.1(2) provides,

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed

the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Following a de novo review, we conclude clear and convincing evidence establishes that termination is in S.S.'s best interest. The father has never affirmatively assumed parenting duties. He has been largely absent from S.S.'s life. S.S. was six years old at the time of the termination hearing, yet S.S. was just two years old the last time he had any contact with the father. In fact, the father even considered voluntarily terminating his parental rights at some point. So the father has not historically acted in S.S.'s best interest, and we do not believe his conduct would change in the future. Therefore, termination is in S.S.'s best interest.

**AFFIRMED.**